SMITH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as Smith *v.* Indus. Comm. (1986), 25 Ohio St. 3d 25.]

(No. 86-21—Decided July 9, 1986.)

*Larrimer & Larrimer* and *Craig Aalyson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis Hufstader,* for appellee.

*Per Curiam.* The within controversy concerns the manner in which the commission calculated appellant's average weekly wage for the year preceding the injury. R.C. 4123.61 provides in relevant part:

"* * * In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants."

Appellant argues that the circumstances of this case compel the deter-

mination of his average weekly wage pursuant to the "special circumstances" provision of R.C. 4123.61. In particular, appellant contests the commission's consideration of the period of time when he operated a gasoline station at a net loss. Appellant also points out that his average weekly wage while working at his trade was $436.01. The disparity between the commission's calculation for appellant's average weekly wage ($162.58) and what he made while employed as a craftsman is said to constitute another factor compelling the imposition of the "special circumstances" provision of R.C. 4123.61.

In regard to the latter of these considerations, R.C. 4123.61 clearly makes irrelevant any wage information prior to September 24, 1981, as only the fifty-two weeks prior to the date of the injury are to be considered.

However, we find merit in appellant's objection to the commission's consideration of the period of time in which he operated a gasoline station at a net loss. The consideration of this period in the average weekly wage calculation increases the number of weeks by which the total earnings are divided from nine to thirty, without adding any income whatsoever to the total earnings. This lopsided alteration of the average weekly wage calculation produces the type of inequitable result which the legislature sought to avoid through the inclusion of the "special circumstances" provision in R.C. 4123.61.

Accordingly, we find the commission's consideration of the period of time in which appellant operated a gasoline station without realizing any income constitutes an abuse of discretion. In light of the special circumstances in the within case, we hereby reverse the judgment of the court of appeals and grant a writ of mandamus directing the commission to recalculate appellant's average weekly wage as provided under the special circumstances provision of R.C. 4123.61.

*Judgment reversed
and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.