THE STATE, EX REL. WIREMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Wireman, *v.* Indus. Comm. (1990), 49 Ohio St. 3d 286.]

(No. 88-1788—Submitted January 23, 1990—Decided March 14, 1990.)

*Larrimer & Larrimer* and *David H. Swanson,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan E. Gurwin,* for appellant.

*Per Curiam.* The average weekly wage is designed to "find a fair basis for award for the loss of future compensation." *Riley* v. *Indus. Comm.* (1983), 9 Ohio App. 3d 71, 73, 9 OBR 90, 92, 458 N.E. 2d 428, 430. In calculating this figure, two considerations dominate. First, the AWW must do substantial justice to the claimant. Second, it should not provide a windfall. *State, ex rel. Erkard,* v. *Indus. Comm.* (Sept. 27, 1988), Franklin App. No. 87AP-1013, unreported; *State, ex rel. Rutledge,* v. *S&H Painting Co.* (Aug. 26, 1986), Franklin App. No. 85AP-559, unreported.

The period at issue is April 17, 1983 through July 31, 1983, weeks during which appellee worked, but under forty hours. While inconsistencies in the record prevent precise determination of the number of weekly hours worked, it was clearly far fewer than forty. The bureau, however, included in its AWW computation every week in which appellee did *any* work, and the commission affirmed. The appellate court, however, ordered the commission to vacate its order and to recalculate appellee's AWW by eliminating all periods of unemployment beyond her control. We affirm that decision but substitute different reasoning from that put forth in the opinion of the court of appeals.

The appellate court correctly observed that R.C. 4123.61 mandates

omission of any *period* of unemployment beyond the employee's control, not any *week*. The court's holding, however, might be interpreted to mean that a claimant who worked fewer than forty hours per week was "unemployed" for the balance of hours necessary to complete a "full-time" forty-hour week. We disagree with this interpretation because it would define a period of "unemployment," *as to all claimants,* within the context of a forty-hour week.

In many cases, a worker defines his or her own full-time workweek at less than forty hours. If, for example, a working parent wishes to work only thirty-two hours per week and secures such employment, that individual's full workweek should be deemed complete after thirty-two hours. To consider that claimant "unemployed" for the eight hours that he or she chose not to work and then omit that time from the AWW calculation would provide a windfall to the claimant.

On the other hand, a full workweek should not always be defined in terms of the number of hours a claimant voluntarily agrees to work. In some situations, the claimant may desire forty-hour employment, but because of economic depression, for example, may be able to secure only fifteen. To treat these hours as a full workweek because the claimant voluntarily accepted the job would actually penalize the claimant, since for purposes of AWW he or she would have been better off by declining part-time work and remaining totally unemployed. We find this result unacceptable as well.

These concerns stress the need to carefully examine AWW questions on a case-by-case basis and underscore the undesirability of using a forty-hour week as a standard by which to evaluate all AWW claims. We thus order the commission to determine whether any of the weeks in which appellee reported work activity contained any periods of "unemployment" and, if so, whether any of it was beyond appellee's control.

A commission re-examination of the employment question alone, however, will not satisfy appellee's initial request — to have her AWW set at $134. If the period in question contains unemployment beyond her control, the only specific statutory option is to exclude that period. The statute does not specify the alternative calculation desired. R.C. 4123.61's "special circumstances" provision does, however, allow it.

Under that section, the commission, if "special circumstances" exist, may use any method that will do substantial justice. "Special circumstances" is undefined, but has generally been confined to uncommon situations. In *Smith* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 25, 25 OBR 21, 494 N.E. 2d 1140, for example, we found that the period in which a claimant operated a gas station at a net loss was a "special circumstance" to be considered in calculating the AWW. We reasoned:

"* * * The consideration of this period in the average weekly wage calculation increases the number of weeks by which the total earnings are divided from nine to thirty, without adding any income whatsoever to the total earnings. This lopsided alteration of the average weekly wage calculation produces the type of inequitable result which the legislature sought to avoid through the inclusion of the 'special circumstances' provision in R.C. 4123.61." *Id.* at 27, 25 OBR at 22, 494 N.E. 2d at 1142.

In *Riley, supra,* "special circumstances" were also present. There, an independent financial arrangement had made it previously unnecessary for

the claimant to work. That situation changed and claimant was forced into the labor market. Three weeks later he was injured.

*Riley* found that the commission abused its discretion in dividing claimant's three weeks of wages by fifty-two. Using a two-part analysis, the court first determined that claimant's entry into the work force just three weeks prior to injury and its surrounding circumstances were "special." It then found that claimant's AWW could not be justly determined by applying the standard calculation. The court thus ordered the commission to recalculate. See, also, *State, ex rel. Sutherland,* v. *Indus. Comm.* (Sept. 25, 1986), Franklin App. No. 85AP-866, unreported.

We do not hold that part-time employment is *per se* a "special circumstance." However, in some part-time cases "special circumstances" may certainly exist. Here, there is no indication that the commission addressed this question. Again, its order merely reflected that claimant "worked," and as *Smith* indicates, "special circumstances" can exist despite such a finding. We thus order further consideration on this question as well.

We conclude by noting that the appellate court, in its order to the commission, improperly shifted the burden of proof. R.C. 4123.61 establishes a standard formula to be employed in all but two situations — unemployment beyond control or special circumstances. If the claimant believes that fifty-two weeks is an inaccurate denominator, it is the claimant's burden to so demonstrate. The commission is not required to disprove the allegation. See *Smith* and *Riley, supra.*

We thus order the commission to further consider whether the year prior to appellee's injury contained any unemployment beyond her control or whether any special circumstances exist which warrant recalculation.

For the reasons stated above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.