The STATE, ex rel. VALLEY PONTIAC COMPANY, INC.,

v.

INDUSTRIAL COMMISSION OF OHIO, et al.

[Cite as *State, ex rel. Valley Pontiac Co., v. Indus. Comm.* (1991), 71 Ohio App.3d 388.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–391.

Decided March 19, 1991.

*Millisor & Nobil, John R. Slater* and *Timothy P. Riordan,* for relator.

*Lee I. Fisher,* Attorney General, *Michael Squillace, Donald Ford* and *Peter F. DeMarco,* for respondent Industrial Commission.

*Elliott, Heller & Maas Co., I.P.A., Rush E. Elliott* and *Richard L. Magill,* for respondent James A. Beavers.

---

JOHN W. HENDERSON, Judge.

Relator, Valley Pontiac Company, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order setting the claimant's average weekly wage at $236.42 and to recalculate such wage in accordance with the evidence contained in the commission claim file.

This cause was referred to a referee pursuant to Civ.R. 53 and Loc.R. 11 of the Tenth District Court of Appeals. The referee issued a report recommending that this court deny the writ of mandamus. For the following reasons, we modify the referee's report and grant the requested writ of mandamus.

Claimant was injured in an automobile accident in the course of and arising out of his employment with relator. A claim for temporary total disability compensation was granted and the Bureau of Workers' Compensation ("bureau") set claimant's average weekly wage at $77.90. This amount was determined by dividing claimant's total earnings in the year preceding his injury, $4,050.92, by fifty-two weeks. Claimant subsequently filed a motion requesting that his average weekly wage be set at $236.42, an amount calculated by dividing the $3,309.88 he earned in his employment with relator by fourteen weeks.

The stipulated record indicates that, in the year preceding his injury, claimant was employed by relator for seventeen weeks, during which time he earned $3,309.88. The record also demonstrates that he was also employed part-time on a temporary basis by Logan's Bookstore for twelve weeks, earning $741.04.

Following a hearing on claimant's motion, the district hearing officer set the average weekly wage at $139.69. The hearing officer utilized claimant's total earnings for the preceding year, but divided this figure by only those weeks in

which claimant performed some work, twenty-nine. On claimant's further appeal, the regional board of review increased the average weekly wage to $189 without further explanation. The parties have not suggested, nor can this court find, a reasonable basis for this figure.

Both claimant and relator took an appeal to the Industrial Commission where the matter was heard by two staff hearing officers. The commission granted claimant's appeal and set the average weekly wage at $236.42, "pursuant to Section 4123.62 ORC." The commission's "appeal worksheet," also contained in the stipulated record, reveals that this figure was obtained by dividing the earnings claimant received from relator by fourteen weeks. Relator commenced this original action contending that the only figure supported by the evidence is that obtained by the bureau, $77.90 per week. While the referee found that the commission's decision could not be supported by reference to R.C. 4123.62, the referee recommended that the writ be denied as the commission's decision was in accordance with the "special circumstances" clause in R.C. 4123.61. Relator has filed objections to the report and conclusions of the referee and further maintains that the commission's decision violates the rule of *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.

■ A writ of mandamus will issue only where relator establishes a clear legal right to the relief sought, a clear legal duty on the part of respondent to provide the relief, and that relator has no adequate remedy at law. In matters involving the Industrial Commission, the determinative question is whether relator has a clear legal right to relief. Such a right is established where it is shown that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.* (1986), 26 Ohio St.3d 76, 26 OBR 66, 497 N.E.2d 70. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is inappropriate. *State ex rel. Lewis v. Diamond Foundry Co.* (1987), 29 Ohio St.3d 56, 29 OBR 438, 505 N.E.2d 962.

The issue is simply whether the commission's order is supported by some evidence and in accordance with law. To reach its conclusion, the commission excluded from its average weekly wage calculation those weeks in which relator was unemployed, and the income relator received from Logan's Bookstore. In addition, the commission utilized a figure of fourteen weeks as claimant's period of employment with relator, while the evidence indicates that claimant was employed by relator for seventeen weeks. Each of these issues will be discussed in turn.

■ Initially, we adopt the referee's conclusion that R.C. 4123.62(A) is inapplicable to this case. R.C. 4123.62(A) provides, in relevant part, as follows:

"If it is established that an injured or disabled employee was of such age and experience when injured or disabled as that under natural conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wage."

By its plain wording, the statute permits the commission to adopt a figure greater than the claimant's actual earnings when, under natural conditions, the claimant's earnings at the time of injury would be expected to increase. No party to this case has suggested that claimant's rate of pay would have substantially risen if the claimant was still in relator's employ. Rather than adjusting claimant's salary, the commission excluded both periods of employment and unemployment from its calculations. R.C. 4123.62(A) does not authorize such a procedure.

■ Nevertheless, as the referee observed, R.C. 4123.61 does support the commission's decision in this case. R.C. 4123.61 provides in pertinent part, as follows:

"The average weekly wage of an injured employee at the time of the injury or at the time disability due to the occupational disease begins shall be taken as the basis upon which to compute benefits.

" * * *

" * * * In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants."

While claimant never maintained that his periods of unemployment were due to causes beyond his control, in the proper case, the commission is given the discretion to exclude such periods from the average weekly wage calculation pursuant to the special circumstances language in R.C. 4123.61. In *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265, the Supreme Court affirmed our approach in applying this section:

"The average weekly wage is designed to 'find a fair basis for award for the loss of future compensation.' *Riley v. Indus. Comm.* (1983), 9 Ohio App.3d 71, 73, 9 OBR 90, 92, 458 N.E.2d 428, 430. In calculating this figure,

two considerations dominate. First, the AWW must do substantial justice to the claimant. Second, it should not provide a windfall. *State ex rel. Erkard v. Indus. Comm.* (Sept. 27, 1988), Franklin App. No. 87AP–1013, unreported [55 Ohio App.3d 186, 563 N.E.2d 310]; *State ex rel. Rutledge v. S&H Painting Co.* (Aug. 26, 1986), Franklin App. No. 85AP–559, unreported [1986 WL 9527]." *Id.*, 49 Ohio St.3d at 287, 551 N.E.2d at 1266–1267.

■ The term "special circumstances," though undefined, has generally been applied in cases involving uncommon situations. In *Wireman*, the court held that a regular work week of less than forty hours may be a special circumstance which could require a different calculation. This will sometimes require the exclusion of periods of time from the calculation. Similarly, periods of unemployment not strictly due to causes beyond the claimant's control may be excluded where the claimant is incarcerated, *State ex rel. Sutherland v. Indus. Comm.* (Sept. 25, 1986), Franklin App. No. 85AP–866, unreported, 1986 WL 10744; where the claimant works only three weeks in one year, *Riley v. Indus. Comm.* (1983), 9 Ohio App.3d 71, 9 OBR 90, 458 N.E.2d 428; or where the claimant works only thirteen weeks a year due to the seasonal nature of the employment, *State ex rel. Erkard v. Indus. Comm.* (1988), 55 Ohio App.3d 186, 563 N.E.2d 310. When special circumstances are established by the claimant, the commission has broad discretion to choose a method for calculating the average weekly wage. The goal is to do substantial justice to the claimant while not providing him a windfall. Generally, "the average weekly wage should approximate the average amount that the claimant would have received had he continued working after the injury as he had before the injury." *Erkard, supra*, at 188, 563 N.E.2d at 314.

The exclusion of periods of unemployment is clearly supported by the foregoing cases. At the time of his injury, claimant was twenty-five years old and a recent college graduate. Averaging his relatively small income earned in a seventeen-week period over an entire year will simply not do substantial justice, nor is it a fair result.

■ The Industrial Commission also has discretion to exclude periods of employment from the average weekly wage calculation. *Smith v. Indus. Comm.* (1986), 25 Ohio St.3d 25, 25 OBR 21, 494 N.E.2d 1140. In this case, the claimant was employed part-time and on a temporary basis by Logan's Bookstore. (For example, in one two-week period, claimant was employed only one day, earning $26.47.) Temporary and sporadic employment such as this is not representative of the employment claimant was engaged in by relator; however, its inclusion in the average weekly wage calculation will significantly affect the result. Temporary part-time employment at a dramati-

cally lower rate of pay than the employment in which the injury occurred may be excluded from the average weekly wage calculation where such employment is taken by a recent college graduate searching for permanent work.

■ The average weekly wage is intended to produce a fair basis upon which an award for the loss of future compensation can be based. *Riley, supra,* 9 Ohio App.3d at 73, 9 OBR at 92, 458 N.E.2d at 430. Claimant earned an average of $223.52 per week while working for relator in the job in which he was injured. The average weekly wage proposed by relator, $77.90 per week, is not representative of claimant's earnings, nor would it produce a substantially fair and just result. On the contrary, relator will receive a windfall as it would pay much less than it would had any other employee at a similar rate of pay, but on the job more than one year, been injured in this accident. Finally, as we recently observed in *Erkard, supra,* the average weekly wage should approximate the claimant's salary in the job in which he was injured. The commission's chosen method will achieve this goal.

■ Relator also maintains that the commission has failed to comply with *Mitchell, supra,* in that it did not adequately explain its decision. We, however, find a much more basic flaw in the commission's decision. While all of the evidence indicates that claimant was employed by relator for seventeen weeks, the commission instead used a figure of fourteen weeks. After a thorough examination of the stipulated record, we are unable to find any basis for the use of this figure. To this extent, the commission's decision is unsupported by any evidence in the record and, therefore, constitutes an abuse of discretion. Furthermore, if there is any rational explanation for this portion of the commission's decision, none has been provided as required by *Mitchell, supra.*

Accordingly, we find that the commission acted within its discretion in excluding periods of employment and unemployment from the average weekly wage calculation, but abused its discretion by entering an order unsupported by the evidence. Relator's objections are sustained in part and overruled in part, and a writ of mandamus will issue ordering the commission to recalculate claimant's average weekly wage based on the evidence in the claim file, and provide an explanation for its decision consistent with *Mitchell, supra.*

*Objections overruled in part,*
*sustained in part*
*and writ granted.*

BOWMAN, P.J., and REILLY, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting and hearing the appeal pursuant to active duty prior to his retirement, and

assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, subsequent to his retirement.

JOHN W. HENDERSON, J., of the Clark County Common Pleas Court, sitting by assignment.