[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 599.]

THE STATE EX REL. LOGAN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Logan v. Indus. Comm.*, 1995-Ohio-71.]

*Workers' compensation—Determination of average weekly wage by Bureau of Workers' Compensation in claim involving periods of alleged unemployment and part-time employment—Former R.C. 4123.61, applied.*

(No. 94-364—Submitted May 9, 1995—Decided July 26, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-440.

———————————

{¶ 1} Appellant-claimant, Nolan E. Logan, was injured on April 27, 1990 while in the course of and arising from his employment with Genesis Transport, Inc. Appellee Bureau of Workers' Compensation set claimant's average weekly wage ("AWW") at $117.12. The bureau calculated this figure by dividing claimant's total wages for the year prior to injury ($6,090.08) by fifty-two weeks.

{¶ 2} Dissatisfied with the amount, claimant petitioned appellee Industrial Commission of Ohio for recomputation. Claimant alleged that he was employed full-time for only sixteen of the fifty-two weeks preceding his injury, and demanded that the weeks of unemployment or part-time employment be omitted from the calculation. In support, claimant submitted: (1) an Ohio Bureau of Employment Services ("OBES") wage report showing payment of unemployment compensation from April 27, 1989 to May 11, 1989 and September 28, 1989 to November 22, 1989; (2) a 1989 W-2 form from Capital Racing Club, Inc. (Beulah Park); (3) payroll sheets from Genesis Transport; and (4) claimant's affidavit alleging sixteen weeks of full-time work.

{¶ 3} A district hearing officer raised claimant's AWW to $231.88. The district hearing officer included in the total income figure an additional $2,634.66

claimant earned at Beulah Park and excluded an additional thirteen weeks from the calculation. The district hearing officer wrote:

"Average weekly wage is set at $231.88 based upon total yearly earnings of $9043.57 divided by 39 weeks (13 weeks of unemployment were excluded per unemployment records [that] reflect only 13 weeks of unemployment was [*sic*] incurred from 4/27/89 and [*sic*] 4/27/90.)

"Per payroll records of Genesis and unemployment records on file:

"1) from 4/27/89—5/11/89 claimant was unemployed an [*sic*] on unemployment (4 weeks).

"2) from 5/11/89—6/3/89 no information as to whether claimant was employment [*sic*] was rendered.

"3) claimant has testified at hearing [that] he worked in the summer of 1989 at Beulah Park[.] [T]otal earning [*sic*] were $2,634.66 per W-2.

"4) from 6/3/89 - 9/6/89 claimant worked at Genesis earning $5058.28. It is found that claimant was employed by Beulah Park also over this period as it is a seasonal summer job.

"5) from 9/28/89—11/22/89 claimant was unemployed (9 weeks).

"6) from 11/23/89—4/6/90 no information as to claimant's employment has been supplied.

"7) from 4/7/90—4/28/90 claimant was working at Genesis and earned a total of $1,350.63."

{¶ 4} The order was administratively affirmed.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, maintaining that the commission set his AWW too low. The appellate court denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

————————————

*Livorno & Arnett* and *John F. Livorno*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees.

———————————————

*Per Curiam.*

{¶ 7} "The average weekly wage is designed to 'find a fair basis for award for the loss of future compensation.' * * *   In calculating this figure, two considerations dominate. First, the AWW must do substantial justice to the claimant. Second, it should not provide a windfall. * * *" (Citations omitted.) *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265, 1266-1267.

{¶ 8} Former R.C. 4123.61 provided:

"* * * [C]laimant's * * average weekly wage for the year preceding the injury * * * shall be the weekly wage upon which compensation shall be based.  In ascertaining the average weekly wage for the year previous to the injury * * * any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants." (128 Ohio Laws 743, 764-765.)

{¶ 9} At issue are periods of alleged unemployment and part-time employment.  Under former R.C. 4123.61, periods of unemployment that were found to be beyond claimant's control were excluded from the calculation.  Consistent with this directive, the commission excluded thirteen weeks from the denominator. This exclusion was based on OBES records that documented payments of unemployment compensation from April 27, 1989 to May 11, 1989 and September 28, 1989 to November 22, 1989.  Because OBES benefits hinge on

both unemployment and an ongoing effort to find work, payment of these benefits may be interpreted as evidence that claimant's unemployment was due to circumstances beyond his control, and exclusion was appropriate. Claimant also claims that he was unemployed from November 23, 1989 to April 6, 1990, and criticizes the commission for failing to exclude those weeks from the formula. This allegation is unpersuasive.

{¶ 10} Claimant corroborated his allegation of unemployment from April 27, 1989 to May 11, 1989 and September 28, 1989 to November 11, 1989 with OBES records. Similar substantiation is conspicuously absent for the periods from May 11, 1989 to June 3, 1989 and November 23, 1989 to April 6, 1990. The commission, in the exercise of its evidentiary prerogative, did not err in finding that the lack of independent verification rendered claimant's allegation of unemployment over the disputed periods unconvincing.. The commission, therefore, did not err in refusing to exclude those disputed weeks.

{¶ 11} We also reject claimant's entreaty to exclude his weeks of part-time work. Part-time work is not listed among those situations that R.C. 4123.61 decreed must be excluded from the AWW computation. Elimination, therefore, can be accomplished only through the "special circumstances" provision of R.C. 4123.61. While part-time employment is not *per se* a "special circumstance," in some part-time situations "special circumstances" may indeed exist. *State ex rel. Wireman, supra.*

{¶ 12} We do not find "special circumstances" in this case. Claimant does not dispute the district hearing officer's finding that:

"[F]rom 6/3/89 - 9/6/89 claimant worked at Genesis earning $5058.28. It is found that claimant was employed by Beulah Park *also* over this period as it is a seasonal summer job." (Emphasis added.)

{¶ 13} Claimant's part-time job was not due to reasons beyond his control. Instead, his part-time status was due to claimant's contemporaneous full-time job

with Genesis that precluded more hours at Beulah. Accordingly, the commission's decision to include this period in the AWW was not an abuse of discretion.

**{¶ 14}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————