THE STATE EX REL. THOMPSON, APPELLANT, *v.* OHIO
EDISON COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Thompson v. Ohio Edison
Co.* (1999), 85 Ohio St.3d 290.]

(No. 96–1715—Submitted January 12, 1999—Decided April 7, 1999.)

Shapiro, Kendis & Associates Co., L.P.A., and Rachel B. Jaffy, for appellant.

Betty D. Montgomery, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellees Industrial Commission and Bureau of Workers' Compensation.

Roderick, Myers & Linton, Robert F. Linton and Matthew W. Oby, for appellee Ohio Edison Company.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, urging reversal for amicus curiae, Ohio Academy of Trial Lawyers.

***Per Curiam.*** One question is before us: Is the rate of death benefits so substantially unjust as to merit a departure from R.C. 4123.61's standard AWW formula because "special circumstances" are found to exist? Upon review, we answer that question in the negative.

Death benefits are set at sixty-six and two-thirds percent of the decedent's AWW, subject to a statewide maximum and minimum. R.C. 4123.59. In an

occupational disease claim, average weekly wage is based on earnings for the year prior to disability onset. R.C. 4123.61. But where "special circumstances" exist and the traditional formula does not do "substantial justice" to the claimant, an alternative method may be used. *Id.*[1]

The traditional formula currently produced a zero AWW, which translated into an award at the minimum statewide AWW level. Claimant contends that mesothelioma's long latency presents the "uncommon situation" anticipated by the exception for "special circumstances." See *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265. She makes a convincing argument. We have already recognized the unique workers' compensation considerations posed by long-latency occupational diseases. This occupational disease, moreover, has certainly presented an uncommon situation—the occupational disease that killed claimant did not affect his income. We find, therefore, that "special circumstances" indeed exist.

The more difficult question is whether "special circumstances" notwithstanding, the AWW set by the commission is substantially just. We find that it is. AWW " 'is designed to find a fair basis for award for the *loss of future compensation.*' " (Emphasis added.) *Wireman*, 49 Ohio St.3d at 287, 551 N.E.2d at 1266–1267. Here, when mesothelioma struck, the decedent had no future compensation to lose. He had withdrawn from the labor market without evidence of an intent to reenter.

Claimant last asserts that denial of a maximum award offends equal protection. This argument fails. Claimant compares her situation to that of claimants whose decedents experienced a loss of income due to death. The present claimant is not, therefore, similarly situated—a finding that is essential to a successful equal

---

1. R.C. 4123.61 provides:

"The average weekly wage of an * * * employee at the time of the * * * disability due to the occupational disease begins is the basis upon which to compute benefits.

" * * *

"In death * * * claims, * * * the decedent's average weekly wage for the year preceding the * * * date the disability due to the occupational disease begins is the weekly wage upon which compensation shall be based. * * *

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants."

protection claim. *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 543 N.E.2d 1169.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

COOK, J., not participating.