[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 290.]

THE STATE EX REL. THOMPSON, APPELLANT, *v.* OHIO EDISON COMPANY ET
AL., APPELLEES.

[Cite as *State ex rel. Thompson v. Ohio Edison Co.*, 1999-Ohio-266.]

*Workers' compensation—Calculation of death benefits—Industrial Commission
   sets claimant's death benefit at the minimum statewide average weekly
   wage—Departure from R.C. 4123.61's standard average weekly wage
   formula not warranted, when.*

(No. 96-1715—Submitted January 12, 1999—Decided April 7, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD10-1360.

————————————

{¶ 1} Decedent Charles Thompson retired on April 1, 1991 from appellee
Ohio Edison Company.  Decedent's retirement was unrelated to any health
conditions.  At the time he retired, decedent was earning approximately $47,000.
Afterwards, decedent did not engage in other employment.

{¶ 2} On February 22, 1993, decedent was hospitalized complaining of
shortness of breath.  On March 8, 1993, he was diagnosed with mesothelioma.
Claimant had a history of heavy smoking but had also been exposed to asbestos
while working at Ohio Edison.

{¶ 3} Decedent died less than three weeks later.  His widow-claimant, Jo
Ann M. Thompson, appellant herein, applied to appellee Industrial Commission of
Ohio for death benefits.  The commission granted the application and set the
amount of death benefits at $230 per week.  Widow-claimant did not appeal.

{¶ 4} Several months later, widow-claimant asked the commission to
reconsider the rate of death benefits.  The district hearing officer reset the amount
of benefits at $900.71 per week, dividing decedent's wages for his last year of
employment by fifty-two.  A staff hearing officer vacated the order and again set

the amount of benefits at $230 per week—the state minimum rate for decedent's 1993 date of death. The staff hearing officer ruled that the controlling date for determining the rate of benefits was the date of disability onset, not the date of voluntary retirement. Because decedent had no earnings in the fifty-two weeks prior to disability onset, his average weekly wage ("AWW") was also zero, justifying no more than the minimum award.

{¶ 5} Claimant's administrative appeal was denied.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in setting death benefits at the minimum statewide AWW. The court of appeals disagreed and denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*Shapiro, Kendis & Associates Co., L.P.A.*, and *Rachel B. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees Industrial Commission and Bureau of Workers' Compensation.

*Roderick, Myers & Linton, Robert F. Linton* and *Matthew W. Oby*, for appellee Ohio Edison Company.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

_____

*Per Curiam.*

{¶ 8} One question is before us: Is the rate of death benefits so substantially unjust as to merit a departure from R.C. 4123.61's standard AWW formula because "special circumstances" are found to exist? Upon review, we answer that question in the negative.

**{¶ 9}** Death benefits are set at sixty-six and two-thirds percent of the decedent's AWW, subject to a statewide maximum and minimum. R.C. 4123.59. In an occupational disease claim, average weekly wage is based on earnings for the year prior to disability onset. R.C. 4123.61. But where "special circumstances" exist and the traditional formula does not do "substantial justice" to the claimant, an alternative method may be used. *Id.*[1]

**{¶ 10}** The traditional formula currently produced a zero AWW, which translated into an award at the minimum statewide AWW level. Claimant contends that mesothelioma's long latency presents the "uncommon situation" anticipated by the exception for "special circumstances." See *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265. She makes a convincing argument. We have already recognized the unique workers' compensation considerations posed by long-latency occupational diseases. This occupational disease, moreover, has certainly presented an uncommon situation—the occupational disease that killed claimant did not affect his income. We find, therefore, that "special circumstances" indeed exist.

**{¶ 11}** The more difficult question is whether "special circumstances" notwithstanding, the AWW set by the commission is substantially just. We find that it is. AWW " 'is designed to find a fair basis for award for the *loss of future compensation*.' " (Emphasis added.) *Wireman,* 49 Ohio St.3d at 287, 551 N.E.2d

---

1. R.C. 4123.61 provides:

"The average weekly wage of an * * * employee at the time of the * * * disability due to the occupational disease begins is the basis upon which to compute benefits.

" * * *

"In death * * * claims, * * * the decedent's average weekly wage for the year preceding the * * * date the disability due to the occupational disease begins is the weekly wage upon which compensation shall be based. * * *

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants."

at 1266-1267. Here, when mesothelioma struck, the decedent had no future compensation to lose. He had withdrawn from the labor market without evidence of an intent to reenter.

{¶ 12} Claimant last asserts that denial of a maximum award offends equal protection. This argument fails. Claimant compares her situation to that of claimants whose decedents experienced a loss of income due to death. The present claimant is not, therefore, similarly situated—a finding that is essential to a successful equal protection claim. *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 543 N.E.2d 1169.

{¶ 13} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

COOK, J., not participating.

––––––––––––––––––