THE STATE EX REL. SHOCKLEY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Shockley v. Indus. Comm.,*
112 Ohio St.3d 81, 2006-Ohio-6502.]

(No. 2005–2265—Submitted September 20, 2006—Decided December 27, 2006.)

---

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *State ex rel. Stevens v. Indus. Comm.,* 110 Ohio St.3d 32, 2006-Ohio-3456, 850 N.E.2d 55.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting.

{¶ 2} I wholeheartedly agree with the sentiments expressed in Justice Pfeifer's dissent. With the decision in *State ex rel. Stevens v. Indus. Comm.,* 110 Ohio St.3d 32, 2006-Ohio-3456, 850 N.E.2d 55, a majority of this court unjustifiably overruled well-reasoned precedents. The holding in *Stevens* is detrimental to all disabled workers who are now subject to its terms. Would it be so terrible if such workers actually were treated fairly?

{¶ 3} How refreshing it would be if the next scandal associated with the Bureau of Workers' Compensation involved excessive payments to disabled workers. Better that than to continue wasting funds on unsound investments and expensive dinners while disabled laborers are forced to subsist on boiled potato soup.

---

PFEIFER, J., dissenting.

{¶ 4} R.C. 4123.61 states that "where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator * * * shall use such method as will enable the administrator to do substantial justice to the claimants." Despite R.C. 4123.95, which provides that R.C. 4123.61 "shall be liberally construed in favor of employees," this court recently narrowly construed R.C. 4123.61 as prohibiting claimants from showing that "a natural increase in wages over the course of an employee's career" can ever be a special circumstance. *State ex rel. Stevens v. Indus. Comm.,* 110 Ohio St.3d 32, 2006-Ohio-3456, 850 N.E.2d 55, at ¶ 6.

{¶ 5} In narrowly construing R.C. 4123.61, the court did little more than provide itself with an convenient way to say "no" to disabled workers. Now when a claimant seeks relief on these grounds, the court can simply say "denied, see *Stevens,*" without the bother of reviewing the case to see whether an injustice has been done. So much for a liberal application of R.C. 4123.61.

{¶ 6} The *Stevens* opinion was issued per curiam, even though it effected a significant policy change by reversing a unanimous decision of this court that was less than eight years old. Though Justice Resnick's dissent (which I joined) cogently addressed the most substantial flaw of the *Stevens* rationale, id. at ¶ 15–19, I find it necessary to revisit a couple of other issues because the *Stevens* opinion is so flawed, conclusory, and insubstantial.

{¶ 7} The *Stevens* majority appeared to believe that R.C. 4123.61 applies when the average weekly wage cannot be determined. It doesn't. R.C. 4123.61 applies when "the average weekly wage cannot justly be determined." There is a

significant difference between the two clauses, a difference, we must assume, that the General Assembly specifically intended. R.C. 4123.61 also states that when the administrator acts pursuant to R.C. 4123.61, he is "to do substantial justice to the claimants." Twice the General Assembly purposely used a form of the term "just." The *Stevens* majority ignored both references, apparently not finding it important enough to discuss. It is not possible to properly interpret, let alone "liberally" construe, R.C. 4123.61 while ignoring such significant terms. *Stevens* was wrongly decided, and I would use this opportunity to revisit and reverse it.

{¶ 8} This court, however, cannot reverse itself, because as narrow, inequitable, and wrong as the *Stevens* decision is, it has the dubious virtue of being easy to apply. Whenever a court-imposed interpretation of the law is easy to apply, it doesn't matter how wrong or inequitable it is; according to *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, it can never be overturned by this court. Though *Galatis* is widely known as an insurance case, its long-term import is the extent to which it seeks to limit this court's ability to reconsider its own reasoning. This court exists to provide substantial justice to the parties before it and should never bind itself in Gordian knots. The majority compounds the mistake today by relying on *Stevens*, which so perfunctorily discarded the unanimous *State ex rel. Lemke v. Brush Wellman, Inc.* (1998), 84 Ohio St.3d 161, 702 N.E.2d 420. See *Stevens*, 110 Ohio St.3d 32, 2006-Ohio-3456, 850 N.E.2d 55, ¶ 1.

{¶ 9} What a pity that this court refuses to even consider the plea of the permanently disabled Stella Shockley. Shockley is before us making the rather unremarkable argument that her workers' compensation disability benefits should reflect her increased earnings. See *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265; *State ex rel. Price v. Cent. Servs., Inc.*, 97 Ohio St.3d 245, 2002-Ohio-6397, 779 N.E.2d 195, at ¶ 17. When Shockley was initially injured in 1982, her average weekly wage was $171.77. Admirably, she continued working despite increasingly severe lower back pain until 1999, and shortly thereafter had back surgery. That surgery was unsuccessful, and Shockley was granted compensation for permanent total disability in 2001. Shockley is seeking an award for permanent total disability of $304.55 per week, which is two thirds of her final average weekly wage of $456.33. It is unjust to grant a weekly permanent total disability award of $149 based on Shockley's earnings in 1982. Pursuant to the statutory mandate of R.C. 4123.95, I would liberally construe the special-circumstances provision of R.C. 4123.61 and grant an award based on Shockley's final average weekly wage.

{¶ 10} Is there a reason for the great state of Ohio to treat its disabled workers in such an unseemly manner? The General Assembly doesn't think so. It enacted the special-circumstances provision and mandated a liberal construction

in favor of claimants to protect people like Shockley. It could not have foreseen the vacuous parsimony of this court. I dissent.

---

Agee, Clymer, Mitchell & Laret and Robert M. Robinson, for appellant.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Porter, Wright, Morris & Arthur, L.L.P., and Christopher C. Russell, for appellee Kauffman–Lattimer.