DECISION
 IN MANDAMUS ON OBJECTIONS TO MAGISTRATE'S DECISION {¶ 1} Relator, Camala J. Yester, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's motion to reset her average weekly wage at $240.96 pursuant to the *Page 2 
special circumstances provision of R.C. 4123.61, and to find that special circumstances exist in the present case warranting an increase in relator's average weekly wage.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate concluded the commission did not abuse its discretion in determining relator failed to meet her burden of showing special circumstances that warranted a different method of calculating her average weekly wage. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's conclusions of law, contending that "this is really a matter of accurately determining the average weekly wage and not one entirely under special circumstances." (Objections, at 2.) Relator asserts that the ultimate question is whether relator's labor on her father's farm, rendered to pay a debt she owed for a car her father gave her, should be included in the calculation of relator's average weekly wage.
 {¶ 4} Initially, we note that relator's own administrative C-86 motion sought redetermination of her average weekly wage based on total earnings in 2002 of $12,530.84, divided by 52. According to the motion, substantial justice would be achieved in raising her average weekly wage. Not only is the phrase "substantial justice" one frequently applied in determining special circumstances under R.C. 4123.61, but average wage typically is determined by dividing the claimant's earnings for the year preceding injury by 52 weeks. By seeking to include all of her 2002 wages for a July 16, 2003 injury, relator attempts to avoid the standard formula and essentially requests that her motion be *Page 3 
considered under the special circumstances provision of R.C. 4123.61. To the extent they request consideration outside the special circumstances provisions, her objections, as the commission notes, seem to acknowledge that the facts of record do not constitute special circumstances.
 {¶ 5} In addressing the matter of "accurately determining her average weekly wage," relator contends she was paid "wages" while working on her father's farm. The magistrate appropriately determined that the facts do not compel the commission to so conclude. "Wage" under R.C. 4123.61
"constitutes monetary remuneration by an employer for labor or services." State ex rel. Hord v. Combs, Franklin App. No. 04AP-617,2005-Ohio-1532, at ¶ 14. Relator received no monetary remuneration from her father, and the record lacks any evidence relator submitted at the administrative level concerning the value of the car. As a result, relator has failed to demonstrate the commission abused its discretion in not including the value of the car in calculations of her average weekly wage. Accordingly, relator's objections are overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
 BROWN and TYACK, JJ., concur. *Page 4 
 APPENDIX A IN MANDAMUS {¶ 7} Relator, Camala J. Yester, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's motion to reset her average weekly wage ("AWW") at $240.96 pursuant to the special circumstances provision of R.C. *Page 5 4123.61, and ordering the commission to find that special circumstances do exist in the present case warranting an increase in relator's AWW.Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury during the course of her employment with respondent Dollar Tree Stores, Inc., on July 16, 2003, and her claim has been allowed for the following conditions: "sprain lumbar region; herniated nucleus pulposus L5-S1; annular tear L4-5."
 {¶ 9} 2. The Ohio Bureau of Workers' Compensation ("BWC") set relator's AWW at $130.19.
 {¶ 10} 3. On August 11, 2005, relator filed a motion requesting that the commission reset her AWW based upon wages she earned in 2002.
 {¶ 11} 4. Relator's motion was heard before a district hearing officer ("DHO") on September 6, 2005 and resulted in an order denying the request. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on October 5, 2005. The SHO affirmed the prior DHO order and denied relator's request to increase her AWW.
The SHO provided the following reasons for the denial:
 The claimant's request to reset AWW to $240.96 per week is denied. The claimant requests this amount based upon the total medicare wages ($13,539.61) earned from Dolencorp Inc. for 2002 per her 2002 W-2 from Dolencorp divided by 52 weeks. The SHO denies the request for readjustment. The SHO does not find "special circumstances" exist per R.C. 4123.61. The claimant left her employment at Dolencorp (AKA Dollar General) after two employees were caught stealing. As general manager, the claimant was forced to resign approximately 08/25/2002 per claimant's testimony at hearing. The claimant moved to Tennessee and worked on her fathers' farm from 08/26/02 until approximately 03/16/2003. The claimant worked as a farm worker but was *Page 6 
not paid wages as she worked the debt off that she owed her father for a car that her father had given her, per claimant's testimony. The claimant worked only one week for Tudor's Biscuit World in 03/2003 per claimant's testimony at hearing. The claimant was unemployed from 04/01/2003 until 05/07/2003 approximately, per the Dollar Tree employee pay records.
 The SHO does not find sufficient evidence of "special circumstances" exist in this matter to support an alternative method of calculation. The claimant chose to work for her father in 08/2002 — 03/2003 rather than to seek work earning regular wages after she was forced to resign at Dolencorp in 08/2002. The claimant chose to leave Tudor Biscuit after a few days in 03/2003 and did not work until 05/07/2003 when she was hired by Dollar Tree.
 The SHO relies on the claimant's testimony at hearing regarding the reasons for leaving different employers, the 2002 W-2, the Tudor Biscuit pay records, and the Dollar Tree pay records.
 {¶ 12} 5. Relator's further appeal was refused by order of the commission mailed October 28, 2005.
 {¶ 13} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 14} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record
contains some evidence to support the commission's findings, there has been no abuse *Page 7 
of discretion and mandamus is not appropriate. State ex rel. Lewis v.Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 15} R.C. 4123.61 provides for the computation of AWW and states, in pertinent part:
 The average weekly wage of an injured employee at the time of the injury or at the time disability due to the occupational disease begins is the basis upon which to compute benefits.
 * * *
 In death, permanent total disability, permanent partial disability claims, and impairment of earnings claims, the claimant's or the decedent's average weekly wage for the year preceding the injury or the date the disability due to the occupational disease begins is the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.
 In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants.
 {¶ 16} Relator contends that the commission abused its discretion by not finding that special circumstances existed in her case warranting the use of a different formula to calculate her AWW. As the SHO's order indicates, relator left her employment with Dollar General on August 25, 2002, after two employees were caught stealing. Relator did not *Page 8 
seek another job at that time. Instead, relator moved to Tennessee and worked on her father's farm from August 26, 2002 until approximately March 16, 2003. Relator acknowledges that her father did not pay her wages during this time period. However, relator contends that her work on her father's farm was to pay off a debt that she owed her father for a car that her father had given her. Thereafter, relator returned to work for one week in March 2003 and then was unemployed from April 1 until May 7, 2003.
 {¶ 17} At the SHO hearing, relator contended that special circumstances existed warranting the use of her wages from 2002 in order to determine her AWW. The commission disagreed finding that relator had made certain choices which affected her AWW. Specifically, the commission noted that relator was forced to resign her employment in August 2002 and that, thereafter, she chose to work for her father. Upon returning to work for a few days in March 2003, relator again chose not to work until May 7, 2003.
 {¶ 18} The AWW is designed to find a fair basis for an award for the loss of future compensation. In calculating this figure, two considerations dominate: (1) the AWW must do substantial justice to the claimant; and (2) it should not provide a windfall. See State ex rel.Wireman v. Indus. Comm. (1990), 49 Ohio St.3d 286. The "special circumstances" exception found in R.C. 4123.61 has been used when the wages earned prior to the injury do not reflect the claimant's earnings at the time of the injury and, although undefined, the term "special circumstances" has generally been confined to uncommon situations involving the claimant's age, education, and background. Id. at 288.
 {¶ 19} In the present case, looking at the argument advanced by relator at the hearing before the SHO, the magistrate finds that it was not an abuse of discretion for the *Page 9 
commission to determine that relator had not met the burden of showing special circumstances warranting a different method of calculating her AWW.
 {¶ 20} In this mandamus action, relator raises an argument which may or may not have been raised before the commission. Relator contends that the commission should have looked at the value of the car which her father had given her and which she paid off while she was working for her father. In essence, relator contends that she was paid "wages" while working on her father's farm to the extent that any monetary sums which her father would have paid to her, her father used to pay off her debt to him.
 {¶ 21} To the extent that relator failed to raise this issue below, she cannot raise it now. State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78. The record submitted in this mandamus action does not demonstrate that this issue was raised before the commission. Instead, it appears that the only issue relator raised was her argument that the commission should utilize her 2002 wages to calculate her AWW instead of simply looking to her employment in 2003.
 {¶ 22} In the event that relator did actually raise this issue before the commission, the magistrate finds that the commission did not abuse its discretion by finding that did not constitute special circumstances in the present case. Relator cites Hiram House v. Indus. Comm. (1987),42 Ohio App.3d 29, for the assertion that the commission should have included as remuneration the reasonable value of that remuneration, in this case, the value of the car. However, this court's decision inHiram House is not dispositive.
 {¶ 23} In Hiram House, this court concluded that the commission did not abuse its discretion in promulgating that portion of Ohio Adm. Code4121-7-14(C) which provides that the reasonable value of board, lodging, house or room rent allowed by an employer to *Page 10 
its employees shall be included in the employer's payroll for purposes of calculating the employer's rate of contribution to the state insurance fund. That decision does not compel the commission to consider the debt relator owed to her father which she worked off as wages for purposes of determining the AWW. Furthermore, there is no evidence in the record to indicate that relator submitted any evidence concerning the value of this car. Again, even if the commission were inclined to accept this argument, relator has failed to meet her burden of proof and her request for a writ of mandamus should be denied.
/s/ Stephanie Bisca Brooks
 STEPHANIE BISCA BROOKS MAGISTRATE *Page 1