[Cite as *State ex rel. Lott v. Indus. Comm. of Ohio*, 2023-Ohio-3554.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jason C. Lott, | : | |
| Relator, | : | No. 21AP-552 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on September 29, 2023

**On brief**: *Hochman & Plunkett Co., L.P.A., Gary D. Plunkett, Emily A. Port*, and *Marcus A. Heath*, for relator.

**On brief**: *Dave Yost*, Attorney General, and *David Canale*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Jason C. Lott, initiated this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying Lott's request to have his average weekly wage ("AWW") set at $546.44.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined the commission did not abuse its discretion in declining to exclude Lott's 32-week period of post-incarceration classes from its calculation of Lott's AWW. However, the magistrate found the commission abused its discretion in not considering whether

Lott's one-week period of incarceration amounted to special circumstances that would require a deviation from the standard formula for the AWW. Thus, the magistrate recommends we issue a limited writ of mandamus returning the matter to the commission to vacate the staff hearing officer ("SHO") order with respect to the determination of special circumstances and to issue a new order addressing whether Lott's one-week period of incarceration constitutes special circumstances.

{¶ 3} The commission filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The commission does not challenge the magistrate's recitation of the pertinent facts; however, the commission objects to the magistrate's conclusion that Lott is entitled to a limited writ of mandamus. More specifically, the commission sets forth the following objections:

> 1. The magistrate improperly re-weighed the evidence before the commission in finding that the commission's exclusion of a 32-week period of post-incarceration was proper, due to insufficient evidence, whilst shifting the burden of proof to the commission, and finding that the commission's decision *not* to exclude a one-week period of incarceration, based upon the same evidence, was an abuse of discretion[.]
>
> 2. The commission objects to the magistrate's finding that a limited writ should be issued returning this to the commission to determine whether the period of incarceration should be considered a "special circumstance" as incarceration should not qualify as a special circumstance[.]

(Emphasis sic.)

{¶ 4} A brief summary of the factual circumstances is pertinent to our discussion. As set forth more fully in the magistrate's decision, Lott sustained a work-related injury in January 2021, and the Ohio Bureau of Workers' Compensation ("BWC") issued an order granting total temporary disability ("TTD") and setting Lott's AWW at $197.01. The BWC calculated Lott's AWW based on Lott's 15 weeks of earnings prior to his injury totaling $10,244.67 and dividing the earnings by 52 weeks. Lott then filed a motion requesting his AWW be set at $546.44, asserting that 37 weeks should be excluded from BWC's calculation. In particular, Lott asserts he was unemployed for 4 weeks, was incarcerated

for 1 week, and, subsequent to his incarceration, was participating in required adult anger management classes and drug and alcohol programs ("rehabilitation programs") for 32 weeks. Lott argued his 4 weeks of unemployment was due to a cause beyond his control and that his time spent in prison and his subsequent participation in the rehabilitation programs should constitute special circumstances justifying a change in the calculation of his AWW.

{¶ 5} A district hearing officer ("DHO") issued an order finding Lott's 4 weeks of unemployment should be excluded from the AWW calculation but that the 33 weeks of Lott's incarceration and his subsequent required participation in the rehabilitation programs should not be excluded from the AWW calculation. Lott appealed the DHO's order, and a SHO then issued an order setting Lott's AWW at $213.43. The SHO calculated the AWW based upon Lott's $10,244.67 in wages in the 52 weeks prior to the injury and dividing that number by 48 weeks of employment, thus excluding Lott's 4 weeks of unemployment from the AWW calculation. The SHO did not, however, exclude Lott's 1 week of incarceration and 32 weeks of post-incarceration rehabilitation programs from the AWW calculation, finding this period was within Lott's control and does not constitute special circumstances requiring exclusion from the standard wage calculation. Lott appealed the SHO's order, and the commission refused Lott's appeal. This instant action in mandamus followed.

{¶ 6} To be entitled to a writ of mandamus, Lott must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 78-79 (1986). But when the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56, 58 (1987).

{¶ 7} The dispute here relates to the commission's calculation of Lott's AWW. R.C. 4123.61 governs the calculation of AWW and provides, as relevant here, compensation shall be based on the claimant's AWW "for the year preceding the injury,"

but expressly stating "any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated." Further, "[i]n cases where there are special circumstances under which the [AWW] cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the [AWW] in such cases, shall use such method as will enable the administrator to do substantial justice to the claimants." R.C. 4123.61.

{¶ 8} "The standard formula for calculating the AWW 'is to divide claimant's earnings for the year preceding the injury by fifty-two weeks.' " *State ex rel. Huntingon Bancshares, Inc. v. Berry*, 10th Dist. No. 20AP-161, 2022-Ohio-531, ¶ 10, quoting *State ex rel. Clark v. Indus. Comm.*, 69 Ohio St.3d 563, 565 (1994). However, there are two exceptions to the standard calculation: (1) unemployment based on a cause "beyond the [claimant's] control"; and (2) the "special circumstances" provision. *Id.* at ¶ 10, citing R.C. 4123.61, and *State ex rel. Mattscheck v. Indus. Comm.*, 10th Dist. No. 12AP-255, 2013-Ohio-285, ¶ 4.

{¶ 9} The issue in Lott's petition for a writ of mandamus is the 33 weeks related to Lott's incarceration and subsequent participation in rehabilitation programs. Lott relied on *State ex rel. Sutherland v. Indus. Comm.*, 10th Dist. No. 85AP-866, 1986 Ohio App. LEXIS 8430 (Sept. 25, 1986), for the proposition that incarceration is a special circumstance within the meaning of R.C. 4123.61 requiring an alternative calculation of AWW. The magistrate determined the SHO appropriately concluded both Lott's 1-week incarceration and his 32-week participation in rehabilitation programs were not causes beyond Lott's control and thus did not qualify for the first exception to the standard calculation of AWW. As to the "special circumstances" provision of R.C. 4123.61, however, the magistrate concluded the SHO should have separately considered the 1-week period of incarceration and the 32-week period of participation in rehabilitation programs from the AWW calculation. Though the magistrate found the commission did not abuse its discretion in excluding the 32-week period of participation in rehabilitation programs as "special circumstances" because Lott did not provide specific information about the rehabilitation programs and whether his participation in the programs necessarily barred him from employment during his period of participation, the magistrate nonetheless found the commission abused its discretion in failing to explain why the 1-week period of

incarceration did not constitute a special circumstance. Thus, the magistrate recommends this court issue a limited writ returning the matter to the commission to address whether Lott's 1-week period of incarceration constituted special circumstances and, if so, whether a different method of calculation of AWW is required to do substantial justice to Lott.

{¶ 10} For ease of discussion we take the commission's objections out of order. In its second objection, the commission argues the magistrate erred because incarceration should not qualify as a special circumstance. We disagree. The magistrate found, correctly, that incarceration can be a special circumstance within the meaning of R.C. 4123.61. *See Sutherland* (finding the commission "abused its discretion by failing to properly calculate relator's [AWW] in an alternative manner justified by the special circumstance of relator's incarceration"); *State ex rel. Exel Logistics v. Indus. Comm.*, 10th Dist. No. 03AP-456, 2004-Ohio-3594, ¶ 3 ("a period of incarceration may be considered a special circumstance so that the [AWW] needs to be calculated by the use of the alternative method of computing such wages"). Thus, we overrule the commission's second objection to the magistrate's decision.

{¶ 11} Through its first objection, the commission asserts the magistrate erred in determining the commission abused its discretion by refusing to recognize Lott's one-week period of incarceration as a special circumstance justifying an alternative calculation of AWW. We agree with the commission.

{¶ 12} Although the magistrate correctly determined that incarceration can be a special circumstance within the meaning of R.C. 4123.61, we are mindful that deviating from the standard calculation for AWW based on special circumstances requires *two* preconditions: (1) that special circumstances exist, and (2) that AWW cannot be justly determined by application of the usual standard. *State ex rel. Clark v. Indus. Comm.*, 69 Ohio St.3d 563, 565 (1994). Accordingly, the presence of special circumstances, alone, does not compel deviation from the standard calculation of the AWW. There must also be a finding that, given the presence of the special circumstances, application of the usual standard would not justly determine the AWW.

{¶ 13} Though the magistrate found the SHO failed to explain why the 1-week period of incarceration did not amount to special circumstances, we disagree with the magistrate's characterization of the SHO's order. In the May 22, 2021 order, the SHO

expressly found the 33-week period of incarceration and participation in rehabilitation programs "does not constitute a special circumstance *requiring exclusion from the wage setting*." (Emphasis added.) (May 22, 2021 SHO Order at 2.) Thus, the SHO did not find that the 1-week period of incarceration did not constitute special circumstances. Instead, the SHO found the 1-week period of incarceration did not constitute special circumstances that would require deviating from the standard calculation of AWW.

{¶ 14} Further, a deviation from the standard calculation of AWW based on special circumstances " 'is designed to do substantial justice to the claimant for payment of the loss of future compensation' " but is " 'to be used only in circumstances where the application of the usual rule would lead to a grossly unfair result.' " *State ex rel. Howell v. Indus. Comm.*, 10th Dist. No. 05AP-788, 2006-Ohio-3655, ¶ 36, quoting *State ex rel. Cooper v. Indus. Comm.*, 10th Dist. No. 04AP-706, 2005-Ohio-3099, ¶ 6. *See also State ex rel. Tantarelli v. Decapua Ents., Inc.*, 10th Dist. No. 16AP-700, 2017-Ohio-5603, ¶ 9, quoting *State ex rel. Cawthorn v. Indus. Comm.*, 78 Ohio St.3d 112, 114 (1997) (the standard calculation of AWW " 'is to be used in all but the most exceptional cases' "). After excluding the four weeks of unemployment, the SHO applied the standard calculation of the AWW and divided Lott's $10,244.67 by 48 weeks, resulting in an AWW of $213.43. The magistrate found, and we agree, that the SHO did not abuse its discretion in refusing to exclude the 32-weeks of rehabilitation programs from the calculation. At most, excluding the remaining 1-week period of incarceration would result in an AWW calculation of $217.97, or $4.48 more than the AWW ordered by the SHO. This is not the type of "gross unfairness" sufficient to invoke a deviation from the standard calculation based on special circumstances. *Cooper* at ¶ 8.

{¶ 15} Where a claimant believes the standard calculation of AWW should not apply, the burden is on the claimant to demonstrate one of the exceptions in R.C. 4123.61 applies. *State ex rel. Wireman v. Indus. Comm.*, 49 Ohio St.3d 286, 289 (1990) ("[i]f the claimant believes that fifty-two weeks is an inaccurate denominator, it is the claimant's burden to so demonstrate. The commission is not required to disprove the allegation"). Based on this record, the commission did not abuse its discretion in determining Lott did not demonstrate that his 1-week period of incarceration established special circumstances justifying a departure from the standard calculation of AWW. Therefore, Lott cannot

establish a clear legal right to relief in mandamus, and we sustain the commission's first objection to the magistrate's decision.

{¶ 16} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate erred in determining Lott is entitled to a limited writ of mandamus. Accordingly, we adopt the magistrate's findings of fact but not the conclusions of law. We therefore sustain the commission's first objection to the magistrate's decision and overrule the commission's second objection to the magistrate's decision, and we deny Lott's request for a writ of mandamus.

*Objections sustained in part and overruled in part*;
*writ of mandamus denied.*

MENTEL and EDELSTEIN, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jason C. Lott, | : | |
| Relator, | : | |
| v. | : | No. 21AP-552 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 12, 2022

*Hochman & Plunkett Co.*, *L.P.A.*, *Gary D. Plunkett*, *Emily A. Port*, and *Marcus A. Heath*, for relator.

*Dave Yost*, Attorney General, and *David Canale*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 17} Relator, Jason C. Lott ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that denied his motion requesting that his average weekly wage ("AWW") be set at $546.44.

Findings of Fact:

{¶ 18} 1. Claimant sustained a work-related injury on January 26, 2021, through his employment with respondent CPG International, L.L.C. ("employer"), and his workers' compensation claim was allowed for nondisplaced fracture of lateral malleolus of right fibula.

{¶ 19} 2. On March 8, 2021, the Ohio Bureau of Workers' Compensation ("BWC") issued an order granting total temporary disability ("TTD") and setting claimant's full weekly wage at $881.59 and his average weekly wage ("AWW") at $197.01. The BWC calculated the wages based on claimant's 15 weeks of earnings prior to his injury totaling $10,244.67 and dividing the earnings by 52 weeks.

{¶ 20} 3. In his March 10, 2021, motion, claimant requested his AWW be set at $546.44. Claimant asserted that 37 weeks should be excluded from the calculation. The 37 weeks was comprised of the following: (1) 4 weeks during which he was unemployed and looking for work; and (2) 33 weeks during which he was incarcerated (1 week) and subsequently required to participate in adult anger management classes and drug and alcohol programs (32 weeks) before he could re-enter the workforce.

{¶ 21} 4. In his March 10, 2021, wage affidavit, claimant averred that:

> From 1-26-20 to 2-3-20, I was in prison. Upon my release, and so I could reintegrate into the workforce, I had to attend drug and alcohol rehabilitation classes, and adult anger management classes. I attended these classes and completed these programs from 2-3-20 to approximately 9-13-20 when was able to find work from Staffmark. Due to the special circumstances of time spent in prison and subsequent participation in classes and programs so I could rehabilitate and re-enter the workforce, I request 33 weeks be excluded from the average weekly wage calculation.

{¶ 22} 5. On April 5, 2021, a district hearing officer ("DHO") held a hearing on claimant's motion. On April 9, 2021, the DHO issued an order, finding the following: (1) the 4 weeks claimant was unemployed should be excluded from the AWW calculation; and (2) the 33 weeks claimant was incarcerated and was required to participate in anger management classes and drug and alcohol programs should not be excluded from the AWW calculation because they were not special circumstances beyond claimant's control. Claimant and the employer appealed. Claimant indicated in his appeal that additional evidence would not be submitted.

{¶ 23} 6. On May 17, 2021, a staff hearing officer ("SHO") held a hearing on claimant's appeal. On May 22, 2021, the SHO issued an order, finding the following: (1) the AWW is set at $213.43, based upon wages of $10,244.67 in the 52 weeks prior to the injury,

divided by 48 weeks of employment; (2) the 4 weeks during which claimant was looking for work but was unable to find work should be excluded from the AWW calculation because this period of unemployment was beyond claimant's control; (3) the 33 weeks during which claimant was incarcerated and subsequently participated in required anger management classes and drug and alcohol programs (collectively hereinafter referred to as "rehabilitation classes") should not be excluded from the AWW calculation because this period was within claimant's control and does not constitute special circumstances requiring exclusion from the wage setting. Claimant appealed.

{¶ 24} 7. On June 10, 2021, the commission refused claimant's appeal.

{¶ 25} 8. On October 28, 2021, claimant filed a complaint for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 26} For the reasons that follow, it is the magistrate's decision that this court should grant a limited writ of mandamus.

{¶ 27} In order for this court to issue a writ of mandamus, a relator must establish the following three requirements: (1) that relator has a clear legal right to the relief sought; (2) that respondent has a clear legal duty to provide such relief; and (3) that relator has no adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 28} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 29} Pursuant to Ohio workers' compensation law, benefits payable to claimants are calculated based upon a figure known as the AWW. Calculation of the AWW is governed by R.C. 4123.61, which provides:

> The claimant's * * * average weekly wage for the year
> preceding the injury * * * is the weekly wage upon which

compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, * * * any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such cases, shall use such method as will enable him to do substantial justice to the claimants.

{¶ 30} Under the "standard formula" in the first paragraph of R.C. 4123.61, the commission totals the wages for the 52 weeks before the injury and divides that total by 52, excluding unemployment beyond the control of the worker. However, the second paragraph provides that the standard formula is not used when its application would be unjust due to "special circumstances," and the commission may adopt a different method of calculation to do substantial justice to the claimant. The AWW should "approximate the average amount that the claimant would have received had he continued working after the injury as he had before the injury." *State ex rel. Mattscheck v. Indus. Comm.*, 10th Dist. No. 12AP-255, 2013-Ohio-285, ¶ 7, citing *State ex rel. Erkard v. Indus. Comm.*, 55 Ohio App.3d 186 (10th Dist.1988). The AWW must do the claimant "substantial justice" without providing a windfall. *State ex rel. FedEx Ground Package Sys. v. Indus. Comm.*, 126 Ohio St.3d 37, 2010-Ohio-2451, ¶ 7, citing *State ex rel. Logan v. Indus. Comm.*, 72 Ohio St.3d 599, 600 (1995). The "special circumstances" provision in R.C. 4123.61 has "generally been confined to uncommon situations." *State ex rel. Wireman v. Indus. Comm.*, 49 Ohio St.3d 286, 288 (1990). Thus, R.C. 4123.61 provides a standard AWW computation that is to be used in all but the most exceptional cases. *State ex rel. Gollihue v. Bur. of Workers' Comp.*, 10th Dist. No. 05AP-924, 2006-Ohio-3910, ¶ 45, citing *State ex rel. Cawthorn v. Indus. Comm.*, 78 Ohio St.3d 112, 114 (1997).

{¶ 31} In the present case, claimant does not make any argument relating to the SHO's determination under the "standard formula" that the 33 weeks during which claimant was incarcerated and subsequently participated in the rehabilitation classes should not be excluded from the AWW calculation because this period was within

claimant's control. Instead, claimant argues that the commission abused its discretion when it failed to exclude these 33 weeks as "special circumstances." Claimant asserts that, under Ohio law, incarceration is a special circumstance requiring an alternative calculation of the AWW, citing *State ex rel. Sutherland v. Indus. Comm.*, 10th Dist. No. 85AP-866 1986 Ohio App.Lexis 8430, 1986 WL 10744 (Sept. 25, 1986). Claimant urges that special circumstances exist here because he was incarcerated in the year prior to his injury, and after release from prison, he was required to attend mandatory rehabilitation classes prior to returning to the workforce. By refusing to exclude these 33 weeks, claimant contends, the commission set his AWW substantially lower than his earnings at the time of his injury. Claimant points out that, in the year before his injury, he earned an average of $682.98 per week for the weeks he worked, yet the commission calculated his AWW at more than $400.00 less than this figure. He also points out that, in the 10 weeks prior to his injury, he earned an average of $825.54, and the commission's calculation set his AWW to be over $600.00 less than what claimant was actually earning at the time of his injury. Claimant urges that the evidence demonstrates that he would have continued to be employed in his job and would have continued to earn his same salary had he not been injured, and the commission's calculation is an unjust barometer of his prospective future average wages.

{¶ 32} In *Sutherland*, the worker was incarcerated during the year prior to his injury. At the time of his injury, he had only worked four days immediately preceding his injury. Upon mandamus by the worker, this court concluded that the worker's period of incarceration constituted "special circumstances," and, in that case, substantial justice justified the use of an alternative method of computing the worker's AWW. We found that compensation based upon the bare facts of claimant's earnings over the year proceeding his injury resulted in a lopsided and unjust AWW upon which to base claimant's benefits, noting that the purpose of permanent total disability ("PTD") compensation benefits is to compensate a claimant for loss of earnings. Thus, in *Sutherland*, the "lopsided alteration of the [AWW] calculation produce[d] the type of inequitable result which the legislature sought to avoid through the inclusion of the 'special circumstances' provision in R.C. 4123.61." *Smith v. Indus. Comm.*, 25 Ohio St.3d 25, 27 (1986).

{¶ 33} The circumstances in *Sutherland* differ substantially from those in the present case. In *Sutherland*, the worker was incarcerated for the year prior to his injury.

In the present case, the worker was incarcerated for only one week, and then participated in rehabilitation classes for 32 weeks. Thus, the reason for each period of unemployment in the current case must be analyzed separately. With regard to the 32 weeks of rehabilitation classes, the magistrate first notes that *Sutherland* clearly does not address whether a period of post-incarceration rehabilitation classes constitutes "special circumstances." Therefore, *Sutherland* is easily distinguishable. Importantly, claimant's problem in the present case is an evidentiary one. The circumstances of the worker's unemployment in *Sutherland* were clear, i.e., incarceration. Here, there is no evidence in the record explaining the circumstances surrounding the 32 weeks of unemployment based upon the post-incarceration classes. Outside of claimant's averment that he "had" to attend the rehabilitation classes, there is no evidence in the record to establish his participation was mandatory, to indicate he was completely barred from employment during this period of participation, or detailing the hours and frequency of the classes, his actual attendance at the classes, and the location of the classes. The record is devoid of details surrounding the classes, rendering a determination that they should constitute "special circumstances" impossible. The burden was on claimant to establish that his rehabilitation classes constituted "special circumstances." As pointed out by the commission, claimant's appeal from the DHO order indicated that additional evidence would not be submitted; thus, claimant had the opportunity to provide further details of the 32 weeks of rehabilitation classes but failed to do so. In sum, the commission lacked the necessary evidence in the record to conclude that claimant's period of unemployment due to his rehabilitation classes constituted "special circumstances," and *Sutherland* is distinguishable. Given the state of the record, and based upon *Sutherland*, the magistrate cannot find that the commission abused its discretion or that claimant had a clear legal right to the relief requested.

{¶ 34} However, with regard to the one-week period of incarceration, the commission fails to explain the reasons supporting its finding that there existed no special circumstances pursuant to R.C. 4123.61, and why this court's holding in *Sutherland* is not applicable. Although *Sutherland* does not definitively require that all incarceration in all cases be deemed "special circumstances" pursuant to R.C. 4123.61, it makes clear that a period of incarceration may constitute "special circumstances," even if the incarceration

was within the worker's control. In *State ex rel. Exel Logistics, Inc. v. Indus. Comm.*, 10th Dist. No. 03AP-456, 2004-Ohio-3594, this court relied upon *Sutherland* and [*State ex rel.*] *Riley v. Indus. Comm.*, 9 Ohio App.3d 71 (10th Dist.1983), to hold that, "[e]ven where the period of unemployment before the new job was voluntary, the worker may qualify for the 'special circumstances' exception, depending on the circumstances." *Exel* at ¶ 14. *Exel* likewise concerned a period of incarceration, and in that case, we found that under the "special circumstances" exception, the commission may exclude periods of unemployment that are plainly within the claimant's control, such as a period of unemployment caused by violation of the criminal law. *Id.* at ¶ 19. The court in *Exel* cited *Sutherland* for the proposition that "a period of incarceration may be considered a special circumstance so that the average weekly wage needs to be calculated by the use of the alternative method of computing such wages." *Id.* at ¶ 3.

{¶ 35} Here, the SHO failed to explain why no special circumstances applied. If the SHO believed that incarceration can never constitute a special circumstance because it is within a worker's control, such a finding is clearly contrary to our decisions in *Sutherland* and *Exel*, which specifically hold that the commission may exclude periods of unemployment even if they were plainly within the claimant's control, such as a period of unemployment caused by incarceration. Therefore, a limited writ is warranted pursuant to *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 36} Accordingly, for the above reasons, it is the magistrate's recommendation that this court should issue a limited writ of mandamus, returning the matter to the commission to vacate the SHO order with respect to the determination of "special circumstances" and to issue a new order addressing whether claimant's period of incarceration constituted special circumstances pursuant to *Sutherland* and *Exel*, and, if the incarceration did constitute special circumstances, whether a different method of calculation is required to do substantial justice to claimant.


                                        /S/ MAGISTRATE
                                        THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).